**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROXANA HENRIQUEZ-MONGE, | No. 14-72303 |
| Petitioner, | Agency No. A201-109-659 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2020**
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and GWIN,*** District Judge.

Roxana Henriquez-Monge, a native and citizen of El Salvador, petitions us to review the decision of the Board of Immigration Appeals (Board) affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Immigration Judge's (IJ) denial of her application for asylum and withholding from removal. We have jurisdiction under 8 U.S.C. section 1252(a)(1). We deny the petition.

Henriquez-Monge failed to challenge in her opening brief the Board's conclusion that the government of El Salvador was neither unable or unwilling to control her ex-boyfriend nor that the government would be unable or unwilling to protect her from him in the future. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005) (requiring petitioner to "substantiate" his fear of future persecution by demonstrating the "government's inability or unwillingness to control the asserted persecution from which he suffered"); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (requiring petitioner to prove that the alleged past persecution "was committed either by the government or by forces that the government was unable or unwilling to control"). Accordingly, Henriquez-Monge waived her challenge to an independent basis supporting the Board's denial of her claim for asylum. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) (stating that an argument "not discussed in the body of the opening brief is deemed waived").

In any event, substantial evidence supports the IJ's adverse credibility finding. In finding Henriquez-Monge not credible, the IJ offered "specific cogent" reasons and based the finding on the "totality of circumstances." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). For example, on direct examination at her hearing before

2

the IJ, Henriquez-Monge testified that she "never called the police again" after giving an initial statement to the police about the December 25, 2010 altercation with her ex-boyfriend. However, in the addendum to her asylum application, Henriquez-Monge declared that she "did go talk to the police again" after giving her initial statement to the police. On cross-examination, after initially denying that she ever stated that she "had gone to make another statement" or that she had attempted "to go talk to the police again," she conceded that the statement in her asylum application was incorrect. Whether Henriquez-Monge attempted to report the altercation to the police again is a material inconsistency because it "concerns events central to petitioner's version of why [s]he was persecuted and fled." *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006), *overruled on other grounds by Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015).

Henriquez-Monge failed to offer a "reasonable and plausible explanation" for the inconsistency. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Her explanation that she was referring to her statement to the police officer that a formal report was unnecessary in light of her physical marks does not justify the discrepancy in her asylum application in which she stated that she "did go talk to the police again." Because Henriquez-Monge was not credible, she was not eligible for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Henriquez-Monge was not eligible for asylum for these two

independent reasons, she necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000).

**PETITION DENIED.**